Filed 11/9/21  P. v. Salome CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ABEL JOSUE SALOME,<br><br>      Defendant and Appellant. | D078883<br><br><br>(Super. Ct. No. INF1600779) |

APPEAL from an order of the Superior Court of Riverside County, John D. Molloy, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2017, a jury convicted Abel Josue Salome of first degree murder (Pen. Code,[1] § 187, subd. (a)) and found that a principal was armed with a firearm (§ 12022, subd. (a)(1)).  Salome was sentenced to a determinate term of one year plus an indeterminate term of 25 years to life in prison.

---

1      All further statutory references are to the Penal Code.

Salome appealed and this court affirmed the judgment in an unpublished opinion, *People v. Salome*, D074447 (Dec. 26, 2018).[2]

In December 2018, Salome filed a petition for resentencing under section 1170.95. The trial court appointed counsel, received briefing, issued an order to show cause, and held a contested evidentiary hearing. At the hearing, the parties agreed Salome was prosecuted as a direct aider and abettor who acted with malice and the intention to kill. The court noted the jury was not instructed on the felony murder rule or the natural and probable consequences doctrine. The court found Salome was not eligible for resentencing.

Salome filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating counsel has not been able to identify any arguable issues for reversal on appeal. Counsel asks the court to independently review the record for error as mandated by *Wende*. We offered Salome the opportunity to file his own brief on appeal, but he has not responded.

## STATEMENT OF FACTS

The facts of the offense are fully set forth in our prior opinion. We will not repeat them here. (*People v. Salome*, *supra*, D074447.)

## DISCUSSION

As we have noted appellate counsel has filed a *Wende* brief and asks the court to review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel

---

2    On our own motion, we take judicial notice of our records in case No. D074447.

has identified the following possible issues that were considered in evaluating the potential merits of this appeal.[3]

   1.  Did section 1170.95, subdivision (c) require the trial court to review the record of the case to consider the sufficiency of evidence that Salome had the intent to kill the victim?

   2.  Did section 1170.95, subdivision (c) require the court to grant relief unless, based on the record of the case, the prosecution could prove that beyond a reasonable doubt that Salome had harbored malice as required by amended Penal Code sections 188 and 189?

   We have independently reviewed the entire record as required by *Wende* and *Anders*.  We have not discovered any arguable issues for reversal on appeal.  Competent counsel has represented Salome on this appeal.

---

[3]    Salome devotes a considerable portion of his brief to the argument we should apply the *Wende* independent judicial review process to this appeal. We decline to address the several Court of Appeal opinions that have held such judicial review is not required.

DISPOSITION

The order denying Salome's petition for resentencing under section 1170.95 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:

HALLER, J.

AARON, J.